**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL CONTRERAS-MARIN, AKA Miguel Contreras-Martin,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 17-73231<br><br>Agency No. A206-548-362<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 4, 2020
Portland, Oregon

Before: FERNANDEZ and PAEZ, Circuit Judges, and BURGESS,[**] District
Judge.

Miguel Contreras-Marin ("Contreras-Marin"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals's ("BIA") final

order of removal. The Department of Homeland Security charged him as

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Timothy M. Burgess, United States Chief District
Judge for the District of Alaska, sitting by designation.

removeable from the United States in November 2013. He subsequently filed for cancellation of removal, arguing that the hardship caused by his deportation to his family would be exceptional and extremely unusual. The Immigration Judge ("IJ") denied his petition because Contreras-Marin had failed to establish the requisite level of hardship.

Contreras-Marin appealed to the BIA. He argued that the IJ had erred in the hardship finding and filed a motion to remand because his attorney had provided ineffective assistance of counsel in the removal proceeding. The BIA affirmed the IJ's denial of cancellation of removal and denied the motion to remand because Contreras-Marin had failed to identify how his counsel's deficient performance had impacted the result of his hearing. We grant the petition in part, deny it in part, and remand.

**1.** Contreras-Marin argues that the IJ and BIA did not have jurisdiction over his case because the Notice to Appear he received was defective. This argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). He received a later notice that contained the time and date of his hearing, which is sufficient for jurisdiction to vest. *See id.* at 1159–60.

**2.** A migrant charged with removability from the United States may petition for cancellation of removal if he demonstrates, among other things, that removal "would result in exceptional and extremely unusual hardship to the alien's spouse,

2

parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). Contreras-Marin has five relatives who qualify for consideration under the exceptional-and-extremely unusual hardship determination: three children under the age of twenty-one (U.S. citizens), his father (U.S. citizen), and his mother (lawful permanent resident). In affirming and adopting the IJ's denial of Contreras-Marin's application for cancellation-of-removal petition, the BIA stated:

> Contrary to [Contreras-Marin's] assertions on appeal, the hardship to each qualifying relative cannot be combined to meet the exceptional and extremely unusual standard. The analysis is only cumulative inasmuch as all hardships of a qualifying relative are aggregated to determine whether *that relative* would experience hardship that is exceptional and extremely unusual in nature. *See* section 240A(b)(1)(D) of the Act (requiring that an applicant establish that his or her removal would result in exceptional and extremely unusual hardship "to *the* alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." (emphasis added)).

(internal brief citations omitted).

The BIA erred in its statement of the law.[1] When evaluating whether qualifying relatives have suffered "exceptional and extremely unusual hardship"

---

[1] The IJ's and BIA's fact-intensive exceptional-and-unusual hardship determination is a "subjective, discretionary judgment that has been carved out of our appellate jurisdiction." *Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003). But "[w]hether the Board applied the correct legal standard is a question of law" over which we have jurisdiction. *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013); *see also Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 737 (9th Cir. 2012) (concluding that the petitioner raised a question of law where she

under section 1229b(b)(1), *Matter of Recinas*, 23 I. & N. Dec. 467 (BIA 2002), requires the BIA and IJ to evaluate cumulatively the hardship suffered by *all* qualifying relatives. It does not, as the BIA stated, limit the cumulative analysis to *each* qualifying relative.

In *Recinas*, the BIA stated that "[p]art of that [hardship] analysis requires the assessment of hardship factors in their totality*,* often termed a 'cumulative' analysis." 23 I. & N. Dec. at 472. In applying the cumulative analysis, the BIA aggregated the harm suffered by the petitioner, her four children, and her mother. *Id.* The petitioner did not receive any support from her children's father, her children were largely unfamiliar with the Spanish language, she had little to no family in Mexico, and her family in the United States had lawful status. *Id*. Together, the court concluded that the "cumulative factors present" created hardship circumstances that were "indeed unusual" and "well beyond that which is normally experienced in most cases of removal." *Id.* at 472–73. *Recinas* did not, as the BIA suggested in Contreras-Marin's case, aggregate the hardships suffered by each qualifying individual to determine whether any single relative would suffer exceptional and extremely unusual hardship upon the petitioner's removal.

---

alleged the BIA's hardship determination was made on an erroneous legal standard).

4

In light of this legal error, we vacate the denial of Contreras-Marin's cancellation-of-removal claim and remand for further proceedings consistent with this disposition.

**3.** Contreras-Marin contends that the BIA abused its discretion in denying the motion to remand because of ineffective assistance of his counsel. A petitioner claiming ineffective assistance of counsel in a removal proceeding must demonstrate that (1) his attorney failed to perform with sufficient competence and (2) he was prejudiced by the attorney's performance. *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005). The BIA concluded Contreras-Marin failed to establish the second prong of the substantive ineffective-assistance-of-counsel analysis.

Contreras-Marin argues that his attorney was unconstitutionally ineffective because he failed to provide sufficient translation services at his office, submit evidence of emotional or mental hardship from his qualifying relatives, submit evidence of country conditions in Mexico, provide Contreras-Marin's criminal record, or explain who could serve as a witness.

Even if these alleged deficiencies constitute ineffective assistance of counsel, Contreras-Marin has not demonstrated how they adversely impacted his cancellation-of-removal application. On appeal to the BIA, he submitted additional evidence, including letters from friends and relatives in support of his

5

application, detailed medical histories of his parents, and affidavits from qualifying relatives. But he fails to point to specific pieces of evidence contained in these documents that—had they been presented to the IJ—may have impacted the outcome of the IJ's decision. *See id.* at 793–94.

Because Contreras-Marin failed to establish he was unconstitutionally prejudiced by his attorney's assistance, the BIA did not abuse its discretion when it denied his motion to remand.

The petition is **GRANTED** in part, **DENIED** in part, and **REMANDED** for further proceedings consistent with this disposition. The parties shall bear their own costs on appeal.

6

*Contreras-Marin v. Barr*, No. 17-73231

FERNANDEZ, Circuit Judge, concurring:

I agree with the BIA's statement in this case that in deciding whether there is "exceptional and extremely unusual hardship to the alien's spouse, parent, or child,"[1] we should not simply combine lesser common hardships to a number of individuals in order to reach that level. That is, if a number of qualifying individuals are subjected to some unexceptional hardship, one should not just add those lesser hardships together in order to make an exceptional hardship for each of them. However, I agree with the majority that *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472–73 (BIA 2002) (en banc) appears to reach a different conclusion. And, while in that case the BIA did state that the case before it presented "a close question[2] and met the required "level of hardship, by a close margin,"[3] the rule it stated there is not the one stated by the BIA in this case. Thus, I respectfully concur.

---

[1] 8 U.S.C. § 1229(b)(1)(D).

[2] *Gonzalez Recinas*, 23 I. & N. Dec. at 470.

[3] *Id.* at 471.